IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Wilfredo Avila-Ramos,            Case No. 4:10 CV 994

                             MEMORANDUM OPINION
             Petitioner,            AND ORDER

         -vs-                        JUDGE JACK ZOUHARY

J. T. Shartle,

             Respondent.

## INTRODUCTION

Before the Court is *pro se* Petitioner Wilfredo Avila-Ramos' Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1). Petitioner is incarcerated at the Federal Correctional Institution in Elkton, Ohio, and names its Warden, J. T. Shartle, as Respondent. Petitioner seeks to convert the sixty month consecutive sentence he is serving to a concurrent sixty month sentence.

## BACKGROUND

Petitioner was indicted in August 2001 in the federal court in Puerto Rico. *See United States v. Diaz-Crispin*, *et al.*, No. 3:01-CR-00613-CC-4 (D. P.R 2001). Petitioner later pled guilty to two counts -- conspiracy to distribute narcotics and violent crime with machine gun -- and signed an agreement with the Government in December 2002.

In April 2003, the court sentenced him to seventy-eight months on the drug count, and sixty months on the gun count, to be served consecutively for a total imprisonment term of 138 months. In addition, Petitioner was sentenced to four years and three years, respectively, of supervised release to be served concurrently (Doc. No. 1, Exhibit A). A Judgment and Commitment ("J&C") was issued on April 30, 2003. On the same date, Petitioner appealed his sentence to the First Circuit Court of Appeals. *Alvila-Ramos v. United States*, No. 03-1764 (1st Cir. Apr. 30, 2003).

The appellate court affirmed the prison sentence, but remanded for reconsideration of the supervised release condition which delegated to probation the discretionary determination of whether Petitioner should enter drug treatment upon testing positive for drug usage. *Id*. at 3. On remand, this condition of supervised release was amended. *See Diaz-Crispin, et al.*, No. 3:01-CR-00613-CC-4 (Doc. No. 761).

The United States Supreme Court subsequently granted the petition for writ of certiorari filed by Petitioner. *Avila-Ramos v. United States*, 546 U.S. 802 (2005). The Court vacated the appellate court judgment and remanded the case for further consideration in light of *United States v. Booker*, 543 U.S. 220 (2005). On remand, the appellate court affirmed Petitioner's original sentence. *See Diaz-Crispin, et al.*, No. 3:01-CR-00613-CC-4 (Doc. No. 780).

Petitioner now asserts the original J&C (April 2003) should be amended to allow his sentence of sixty months to run concurrently with the seventy-eight month sentence he is also serving. He argues the consecutive sentence for an 18 U.S.C. § 924(c) conviction is improper because a "greater minimum was provided for the predicated crime. 21 U.S.C. § 846" (Doc. No. 1).

**ANALYSIS**

Petitioner claims the trial court erred when it imposed a mandatory minimum consecutive sentence for his Section 924(c)(1)(A) conviction. He specifically asserts "7 years after the final resolution of Petitioner's case, the Sixth Circuit has determined that imposing a consecutive sentence under 18 U.S.C. § 924(c), an action formerly believed to be correct, is in fact legally blameless" (Doc. No. 1). Relying on Section 924, Petitioner asserts the Sixth Circuit has altered its reading of the following language in the statute:

> (c)(1)(A) *Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law*, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime--
>
> (i) be sentenced to a term of imprisonment of not less than 5 years;
>
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
>
> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A) (emphasis added). Since the imposition of his original sentence, the Sixth Circuit has decided the statute prohibits the imposition of a consecutive sentence under Section 924 when a prisoner has already been sentenced by statute to a mandatory sentence. *See U.S. v. Almany*, 598 F.3d 238 (6th Cir. 2010). In *Almany*, the Sixth Circuit determined the district court could only impose one mandatory minimum sentence when a prisoner was charged with two offenses, where each carried a statutory mandatory minimum. The Sixth Circuit held the district court erred when it sentenced the defendant to both a five-year mandatory minimum sentence under the firearm statute

3

and a ten-year mandatory minimum sentence under the drug statute. The case was remanded for resentencing. *See id.* at 242.

## INITIAL REVIEW

This matter is before the Court for initial screening. 28 U.S.C. § 2243; *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970). At this stage, allegations in the Petition are taken as true and liberally construed in Petitioner's favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). As Petitioner is appearing *pro se*, his Petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003), *overruled on other grounds*. For the reasons set forth below, however, the Petition lacks merit and is denied.

## 28 U.S.C. §2241
### CHALLENGING A SENTENCE

Courts have uniformly held that claims asserted by federal prisoners seeking to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255. *See Cohen v. United States*, 593 F.2d 766, 770 (6th Cir. 1979). On the other hand, claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. *Capaldi v. Pontesso,* 135 F.3d 1122, 1123 (6th Cir. 1998) (citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)). The remedy afforded under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

Petitioner states the trial court abused its discretion when it sentenced him to a consecutive sixty month sentence for violating 18 U.S.C. § 924(c), and thus, he is serving a sentence in violation of the laws of the United States. This is clearly an attack on the sentence imposed by the District Court of Puerto Rico. While this issue would generally be best addressed by a motion to vacate under 28 U.S.C. § 2255, there are circumstances when such a claim may be pursued under Section 2255's "safety valve provision." Under this provision, a federal prisoner may challenge his conviction or imposition of sentence, through a Section 2241 petition, if it appears the remedy afforded under Section 2255 is "inadequate or ineffective to test the legality of his detention." *United States v. Hayman*, 342 U.S. 205, 223 (1952); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997).

However, a Section 2255 remedy is not "inadequate or ineffective" simply because a petitioner has already been denied Section 2255 relief, is procedurally barred from pursuing relief under Section 2255, or has been refused permission to file a second or successive motion to vacate. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (per curiam) (citations omitted).

Here, Petitioner must establish his remedy is "inadequate or ineffective to test the legality of his detention" as that phrase has been interpreted by the Sixth Circuit. The only basis upon which the Sixth Circuit has considered a petitioner's remedy inadequate or ineffective to test the legality of his detention is a claim of actual innocence. *See Charles*, 180 F.3d at 757. Petitioner has not asserted any challenge which calls into question whether his Section 924(c) violation still constitutes criminal conduct. *See id.* He neither argues he did not commit a crime nor that the acts in which he engaged are no longer considered criminal. At most, he has argued legal insufficiency, not the factual innocence necessary to raise a Section 2241 claim under Section 2255's savings clause. *See id.* Therefore, Petitioner has failed to establish he is entitled to Section 2241 relief through Section 2255's

5

safety valve provision. To the extent Petitioner sought leave to file an untimely motion to vacate pursuant to 28 U.S.C. § 2255, this Court declines to construe it as such.[1]

## CONCLUSION

Based on the foregoing, Petitioner's Motion to Proceed *In Forma Pauperis* (Doc. 3) is granted and this Petition is dismissed pursuant to 28 U.S.C. § 2243. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                                  s/ *Jack Zouhary*
                                                  JACK ZOUHARY
                                                  U. S. DISTRICT JUDGE

                                                  October 20, 2010

---

[1] The Sixth Circuit has instructed, with regard to *pro se* litigants in particular, that:

> '[D]istrict courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.' Unless such a warning is provided, a re-characterized § 2255 motion must not be counted against the prisoner for purposes of the bar on successive motions.

*In re Shelton*, 295 F.3d 620, 621-22 (6th Cir. 2002) (citing *Adams v. United States*, 155 F.3d 582, 583-84 (2nd Cir.1998)).